16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Larry L. LEE, Plaintiff-Appellant,
v.
Nageswararao VALLABHANENI, Defendant-Appellee.
 No. 92-2817.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 28, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Larry L. Lee, formerly an inmate at Menard Psychiatric Center, brought a complaint under 42 U.S.C. Sec. 1983 alleging that, in October 1989, Nageswararao Vallabhaneni authorized the administration of antipsychotic drugs against his will in violation of the Eighth and Fourteenth Amendments. Lee sought declaratory, injunctive, and monetary relief. The district judge adopted a magistrate judge's recommendation granting summary judgment for Dr. Vallabhaneni. Lee appeals, and we affirm.
 
 
 2
 Dr. Vallabhaneni is qualifiedly immune from liability for damages in his personal capacity because his treatment of Lee under Illinois' pre-1990 procedures for medicating prisoners did not violate clearly established constitutional rights. Sullivan v. Flannigan, 8 F.3d 591, 597-98 (7th Cir.1993); Williams v. Anderson, 959 F.2d 1411, 1416 (7th Cir.1992). Insofar as Dr. Vallabhaneni is sued in his official capacity, the Eleventh Amendment bars Lee's claim for damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985); Knox v. McGinnis, 998 F.2d 1405, 1412 (7th Cir.1993). Neither qualified immunity nor the Eleventh Amendment shields Dr. Vallabhaneni from the request for injunctive and declaratory relief. Knox, 998 F.2d at 1412-13. This request is nevertheless moot because Lee is no longer in the custody of the Department of Corrections, Washington v. Harper, 494 U.S. 210, 218-19 (1990), and because Illinois has revised its procedures for involuntarily medicating prisoners to provide for the procedural protections requested by Lee in his supplemental brief, 20 Ill.Admin.Code Sec. 415.70 (1991); Sullivan, 8 F.3d at 598.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record